JANKOSKIS v. N. Y. CENT. RD. MUTUAL RELIEF ASSN.

Ohio Appeals, 8th Dist., Cuyahoga Co.

First Publication of this Opinion.

Syllabus by Editorial Staff.

16. ACCIDENT INSURANCE—Where policy stipulates no recovery unless death within 90 days. Accident on Oct. 4th and death on 4th of January following constitutes substantial compliance with terms.

Error to Municipal Court.

Judgment reversed.

J L. Mihelich, Cleveland, for Jankoskis.
C. E. Handy, Cleveland, for Cent. Rd. Mutual Relief Assn.

FULL TEXT.

VICKERY, J.

This cause comes into this court on a petition in error to the Municipal Court of the City of Cleveland. In the court below plaintiff in error brought an action to recover the sum of One Thousand Dollars which she claimed to be due by reason of the death of the insured occurring by accident.

According to the terms of the policy. plaintiff below set up the occurrence of the accident and the death resulting therefrom, and gave the date when the accident occurred, which was on the 4th of October, and the date of the death of the insured which was on the 4th of January following.

As this was not within the ninety days stipulated in the policy, although the policy was not made a part of the petition, a demurrer was interposed, and the demurrer was sustained. Plaintiff not desiring to plead further, submitted to judgment being taken against her and prosecuted error to this court.

We have gone over the pleadings and the briefs of counsel and heard the arguments and we think that the case ought to be reversed. There is no dispute in this case but that the death resulted from the accident and that it occurred two days after the ninety days. We do not see any justice or right in the claim that the beneficiary under this policy should not recover. Apparently the policy was issued to cover accident insurance and the ninety days was put in as simply bearing upon the question apparently as to whether or not the death could result from the accident. It means, in effect, that the death must occur within a reasonable time after the accident, perhaps in order to be traceable to the accident, but if traceable to the accident and the policy was in full force and effect when the accident happened, and the insured was in good standing, then if the occurring accident resulted in death, within such a time as would lead one to believe that the death was occasioned by the accident, there is no reason why the party should not recover.

In the instant case so far as it appeared there is no question but that the death did result from this accident, and it occurred substantially within the time prescribed in the policy. The accident happened on the 4th of October, and the insured died of the effects thereof on the 4th day of January, just exactly three months after.

It is argued that the policy in stating a time of that kind is contrary to public policy, because it might induce persons to hasten death if it did not occur quick enough to bring it within the clause provided for in the policy. We are not prepared to say whether this is true or not, but we think there has been in this case a substantial compliance with the terms of the policy. The party apparently died as soon as he could, and as the accident happened and the death resulted from it and the premium was paid to provide for just such a contingency as arose in this case, we think there is no reason why the plaintiff should not be entitled to recover.

We, therefore, reverse the case and remand it back to the lower court with instructions to overrule the demurrer.

(Sullivan, PJ., and Levine, J., concur.)